| HCDistrictclerk.com | LEONARD, NICHOLE vs. DOE, JOHN | 4/2/2021 |
|---|---|---|
| | Cause: 202114048    CDI: 7    Court: 334 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 3/10/2021 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Motor Vehicle Accident |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 3/11/2021 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 334th |
| **Address** | 201 CAROLINE (Floor: 14)<br>HOUSTON, TX 77002<br>Phone:7133686500 |
| **JudgeName** | DAWN ROGERS |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| LEONARD, NICHOLE | PLAINTIFF - CIVIL | | ZAIDI, SYED JIBRAEEL AZAM |
| DOE, JOHN | DEFENDANT - CIVIL | | |
| MESILLA VALLEY TRANSPORTATION | DEFENDANT - CIVIL | | |
| MESILLA VALLEY TRANSPORTATION MAY BE SERVED (NEW MEXICO CORPORATION) | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 3/10/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 3/10/2021 | ORIGINAL PETITION | | | 0 | | ZAIDI, SYED JIBRAEEL AZAM | LEONARD, NICHOLE |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MESILLA VALLEY TRANSPORTATION MAY BE SERVED (NEW MEXICO CORPORATION) | 3/10/2021 | 3/12/2021 | | | | 73849377 | E-MAIL |

6777 COPPER RIDGE DRIVE EL PASO TX 79912

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 94755884 | Plaintiff's Original Petition | | 03/10/2021 | 6 |

CAUSE NO. 202114048

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 890628 TRACKING NO: 73849377
EML

| Plaintiff: | In The 334th |
|---|---|
| LEONARD, NICHOLE | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| DOE, JOHN | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:   MESILLA VALLEY TRANSPORTATION MAY BE SERVED (NEW MEXICO CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT STEVEN BLANCO
6777 COPPER RIDGE DRIVE, EL PASO TX 79912

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on March 10, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on March 12, 2021, under my hand and seal of said court.

Issued at the request of:

ZAIDI, SYED JIBRAEEL AZAM
10440 N CENTRAL EXPRESSWAY SUITE
DALLAS, TX 75231-2228
214-378-6665
Bar Number: 24091248

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: DANCHELLE BURTON

Delivered 3/15/21

EML

Tracking Number: 73849377

**CAUSE NUMBER: 202114048**

| | |
|---|---|
| **PLAINTIFF: LEONARD, NICHOLE** | **In the 334th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: DOE, JOHN** | **Harris County, Texas** |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
            Affiant                                                                     Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

3/10/2021 8:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51364060
By: D Burton
Filed: 3/10/2021 8:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **NICHOLE LEONARD;** | § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **VS.** | § § § | **HARRIS COUNTY, TEXAS** |
| **MESILLA VALLEY TRANSPORTATION; AND JOHN DOE;** | § § § § | |
| **Defendant.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Nichole Leonard files Plaintiff's Original Petition complaining of Defendant Mesilla Valley Transportation and John Doe.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III. PARTIES

Plaintiff Nichole Leonard is an individual resident of Houston, Harris County, Texas. Her driver's license number is *****851 and her social security number is ***-**-*137.

Defendant John Doe is an individual resident and does not require service at this time. Plaintiff believes that Defendant Mesilla Valley Transportation knows the identity of John Doe which Plaintiff intends to discover the identity through written discovery.

Defendant Mesilla Valley Transportation is a corporation doing business in Las Cruces, Dona Ana County, New Mexico and may be served with process at through its registered agent Steven Blanco 6777 Copper Ridge Drive, El Paso, Texas 79912.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Harris County, Texas. Venue therefore is proper in Harris County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Monday, April 27, 2020 at or near the Mesilla Valley Transportation Houston Terminal within the city limits of Houston, Harris County, Texas. Plaintiff

Nichole Leonard was working as a security guard in a security booth at the Mesilla Valley Transportation Houston Terminal located at 409 Pearl Street, Houston, Texas location. Defendant John Doe was operating his 18-wheeler at the same location. Defendant John Doe made a wide, unsafe turn leaving the Terminal, striking the security booth. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A.    NEGLIGENCE – DEFENDANT JOHN DOE

At the time of the motor vehicle collision, Defendant John Doe was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to keep an assured safe distance from Plaintiff's location;

3. Defendant made an unsafe left turn; and

4. Defendant failed to safely operate his commercial vehicle.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANT MESILLA VALLEY TRANSPORTATION

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Mesilla Valley Transportation was the owner of the vehicle driven by Defendant John Doe. Defendant Mesilla Valley Transportation entrusted the vehicle to Defendant John Doe. Defendant John Doe was unlicensed, incompetent, and/or reckless and Defendant Mesilla Valley Transportation knew or should have known that Defendant John Doe was unlicensed, incompetent, and/or reckless. Defendant John Doe's negligence on the occasion in question proximately caused the collision.

### C. RESPONDEAT SUPERIOR – DEFENDANT MESILLA VALLEY TRANSPORTATION

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant John Doe was in the course and scope of his employment with Defendant Mesilla Valley Transportation thereby making Defendant Mesilla Valley Transportation liable under the doctrine of *Respondeat Superior*.

### D. NEGLIGENCE – DEFENDANT MESILLA VALLEY TRANSPORTATION

Defendant Mesilla Valley Transportation failed to properly train and/or supervise Defendant John Doe in order to prevent such collision.

### VII. DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.    Medical expenses in the past and future;

    b.    Lost wages in the past and loss of earning capacity in the future;

    c.    Property damage and loss of use of Plaintiff's vehicle;

    d.    Disfigurement;

    e.    Physical pain and suffering in the past and future;

    f.    Mental anguish in the past and future; and

    g.    Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANT'S DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendant for:

    1.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    2.    Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's disfigurement;

6. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

7. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

8. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

9. Interest on the judgment at the legal rate from the date of judgment;

10. Pre-judgment interest on Plaintiff's damages as allowed by law;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: /s/ *Jibraeel "Jib" Zaidi*
**JIBRAEEL "JIB" ZAIDI**
State Bar No. 24091248
jib.zaidi@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**