UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLE LEONARD, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-21-1091 |
| | § | |
| MESILLA VALLEY TRANSITION CO. *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Mesilla Valley Transportation's ("Mesilla Valley") motion to dismiss. Dkt. 7. Plaintiff Nichole Leonard responded. Dkt. 10. After reviewing the motion, response, and applicable law, the court is of the opinion that Mesilla Valley's motion to dismiss should be converted to a motion for summary judgment, and the parties should be given an opportunity to supplement their filings.

### I. BACKGROUND

Leonard alleges that she was involved in "a motor vehicle collision that occurred on or about Monday, April 27, 2020 at or near the Mesilla Valley Transportation Houston Terminal." Dkt. 1 at 15. She contends that while "working as a security guard in a security booth at the [terminal]," defendant John Doe, who was driving an eighteen-wheeler, negligently made "a wide, unsafe turn leaving the Terminal, striking the security booth." *Id*. Leonard asserts that "[a]s a result of the collision, [she] was injured and continues to suffer injuries and damages from this incident." *Id*.

Specifically, Leonard gives four reasons for John Doe's negligence: he (1) "failed to keep such proper lookout and attention to the roadway as a person o[f] ordinary prudence would have

kept under the same or similar circumstances"; (2) "failed to keep an assured safe distance from Plaintiff's location"; (3) "made an unsafe left turn"; (4) "failed to safely operate his commercial vehicle." Dkt. 1 at 16. Leonard asserts that these acts or omissions were proximate causes of the motor vehicle collision that injured her. *Id*.

Leonard contends that because (1) Mesilla Valley "was the owner of the vehicle driven by [Doe]" and "entrusted the vehicle to [Doe]," and (2) Doe was "unlicensed, incompetent, and/or reckless and [Mesilla Valley] knew or should have known that [Doe] was unlicensed, incompetent, and/or reckless," Mesilla Valley negligently entrusted Doe with the vehicle he was using at the time of the collision in question. *Id*. at 17. Leonard claims that because Doe was "in the course and scope of his employment with [Mesilla Valley]," Mesilla Valley is "liable under the doctrine of *Respondeat Superior*." *Id*. Finally, Leonard asserts that Mesilla Valley was negligent because of its failure to "properly train and/or supervise [Doe] in order to prevent such a collision." *Id*.

Leonard filed this complaint in the 334th Judicial District Court of Harris County, Texas, on March 10, 2021. Dkt. 1. On April 2, 2021, Leonard timely removed the case to this court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. *Id*. On May 14, 2021, Mesilla Valley moved to dismiss, contending that Leonard's claim is barred by the Texas Workers' Compensation Act; Mesilla Valley attached unauthenticated copies of its subscription and Leonard's direct employer's subscription to the workers' compensation program with its motion. Dkt. 7. Leonard responded to Mesilla Valley's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 2, 2021, asserting that it should be denied because "none of Defendant's assertions supporting dismissal are contained in documents submitted with the Petition; and none of MVT's allegations about the applicability of the workers' compensation exclusivity bar to the facts of this case are

2

matters of which a court may take judicial notice." Dkt. 10. Leonard also notes the evidence is not authenticated. *Id*. The motion to dismiss is now ripe for disposition.

## II. ANALYSIS

In considering a motion to dismiss under Rule 12(b)(6), the court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In incorporating a workers' compensation claim and including unauthenticated evidence of its workers compensation and employer's liability insurance policies to support its motion, Mesilla Valley is presenting matters outside of the pleadings. *See* Dkt. 7 & Exs. A, B. The court finds in the interest of judicial efficiency that it should convert the motion to a motion for summary judgment so that it may consider this evidence. "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P 12(d). Therefore, Mesilla Valley may supplement its motion to include admissible summary judgment evidence relating to the alleged workers' compensation bar, but it must do so within ten days of the date of this order. Leonard may file a response and supporting evidence; she shall do so within twenty days of Mesilla Valley's supplement.

## III. CONCLUSION

For the aforementioned reasons, Mesilla Valley's motion to dismiss (Dkt. 7) is hereby CONVERTED to a motion for summary judgment. Mesilla Valley shall file a supplement that includes any admissible summary judgment evidence it wishes the court to consider within ten

3

days of the date of this order. Leonard shall file a response along with any evidence to support her claims in light of the evidence presented by Mesilla Valley within twenty days of Mesilla Valley's supplement.

    Signed at Houston, Texas on June 25, 2021.

---

Gray H. Miller
Senior United States District Judge